UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MALA SHARMA, *on behalf of herself and all others similarly situated,*

                                  Plaintiff,

       -against-

OPEN DOOR NY HOME CARE SERVICES, INC.,

                                 Defendant.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

24-CV-497
(Gujarati, J)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

For the reasons set forth below, the Court **GRANTS** Defendant's motion to stay discovery until its motion to dismiss is resolved.

**I.    Background**

On January 23, 2024, Plaintiff—on behalf of herself and others similarly situated—filed the complaint in this action, alleging that Defendant violated both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by depriving Plaintiff and others similarly situated of their lawful, promptly paid, minimum and overtime wages. *See generally* Complaint ("Compl."), Dkt. No. 1.

Defendant intends to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* Dkt. No. 10; Text Order dated March 11, 2024 (setting a briefing schedule for Defendant's motion to dismiss). While Plaintiff argues that "she should have been paid more frequently, specifically on a weekly basis," (Dkt. No. 10 citing Compl. at ¶¶ 27-31), Plaintiff contends that "the FLSA's prompt payment requirement simply requires an employer 'to pay wages' on its 'regular payday.'" *Id.* (citing *Avalos v. U.S.,* 54 F.4th 1343, 1349 (Fed. Cir. 2022)

and *Biggs v. Wilson*, 1 F.3d 1537, 1541 (9th Cir. 1993)). In short, Defendant argues that "the FLSA does not require that wages 'be paid weekly'" and Plaintiff's FLSA claims are subject to dismissal as a result. *See Conzo v. City of New York*, 667 F. Supp. 2d 279, 288 (S.D.N.Y. 2009) (quoting 29 C.F.R. § 778.16)). Defendant further argues that, without a viable FLSA claim, Plaintiff cannot contend that the Court still has "has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337" over Plaintiff's NYLL claims. Dkt. No. 10 (citing Dkt. No. 1 at ¶ 4); Dkt. No. 15, at 2. Defendant adds that Plaintiff "also cannot claim traditional diversity jurisdiction because she and [Defendant] are both New York citizens," "[n]or can she claim jurisdiction under the Class Action Fairness Act ('CAFA'), as both her putative FLSA collective and Rule 23 class are comprised of Open Door's New York home attendants, thereby rendering CAFA jurisdiction unavailable pursuant to its 'local controversy' and 'home state controversy' exceptions." Dkt. No. 10 (citations omitted).

Alternatively, Defendant argues that the NYLL claims should be dismissed for failure to state claims upon which relief may be granted, as the Court is no longer obligated to follow *Vega v. CM & Associates Construction Management, LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019)—which affords, under NYLL § 191 a private right of action to "manual workers" who were paid on a biweekly basis—because the Second Department rejected the reasoning of *Vega* and declined to follow it in the recent decisions styled in *Grant v. Global Aircraft Dispatch*, Inc., — N.Y.S.3d —, 2024 WL 172900 (2d Dep't Jan. 17, 2024).

In response, Plaintiff argues that under the FLSA, courts "have long interpreted the statute to include a prompt payment requirement." Dkt. No. 13 (citing *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 56 (2d Cir. 1998). As a result, Plaintiff contends that "Defendant's payment of Plaintiff and other possible manual workers on a bi-weekly basis, and nine (9) days after the end of the

second week in each bi-weekly pay period, violates, or at a minimum implicates, the FLSA's prompt pay requirement." Dkt. No. 13 (citing Dkt. No. 1 at ¶¶ 27-30). Plaintiff further argues that "*Grant* ruled only that no private right of action exists under NYLL § 191, not that the statute was void." Dkt. No. 13.

A pre-motion conference was held before the undersigned on March 11, 2024. *See* Minute Entry, dated March 11, 2024. Per the Court's March 11, 2024 Order, Defendant shall serve its motion to dismiss by April 5, 2024; Plaintiff shall file an opposition by May 6, 2024; and Defendant shall serve a reply by May 20, 2024. *Id.* The fully briefed motion shall be filed on May 20, 2024. *Id.* During the pre-motion conference, Plaintiff represented an intent on filing a motion to toll the period for conditional class certification. *Id.* But, on March 17, 2024, Plaintiff withdrew her request. Dkt. No. 16.

On March 15, 2024, Defendant filed its motion to stay discovery pending resolution of its motion to dismiss. *See* Dkt. No. 15. In addition to contentions on the merits, Defendant argues that (i) it would be unduly burdensome to respond to discovery requests pending the resolution of its motion to dismiss and that (ii) Plaintiff is unable to prove that she would be unfairly prejudiced if a stay were issued at this juncture. *Id.* at 4-5. On March 22, 2024, Plaintiff opposed Defendant's motion in its entirety. *See* Dkt. No. 17. In support, Plaintiff asserts that (i) Defendant has failed to assert substantial merit-based arguments supporting dismissal, (ii) engaging in discovery immediately will not burden or prejudice the Defendant during the pendency of its motion to dismiss, and (iii) "serious prejudice will accrue to any potential opt-ins" of the proposed collective. *Id.*

## II. Discussion

### A. Legal Standard

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Salese v. JP Morgan Chase & Co.*, No. 23-CV-153 (GRB) (JMW), 2023 WL 5047890, at *1 (E.D.N.Y. Aug. 8, 2023) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The pendency of a dispositive motion is not, in itself, an automatic ground for a stay." *Weitzner v. Sciton, Inc.*, No. 05-CV-2533 (SLT) (MDG), 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Instead, Fed. R. Civ. P. 26(c)(1) allows a court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Gross v. Madison Square Garden Ent. Corp.*, No. 23-CV-3380 (LAK) (JLC), 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023) (citations omitted). To that end, upon a showing of good cause, "a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Id.* (citations and quotation marks omitted).

"[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of New York*, No. 11-CV-622 (ERK) (MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted). "In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: (1) whether the Defendants has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Amron v. 3M Minnsota Miniting & Manufacturing Company*, No. 23-CV-8959 (PKC) (JMW), 2024 WL 263010, at *2 (E.D.N.Y. Jan. 24, 2024) (citation and quotation marks omitted); *see also Republic of Turkey v. Christie's, Inc.*,

316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay.").

While various district courts debate which of the three factors is the most important, "there can be little doubt that simplification of the issues and prejudice to the opposing party are more important than the case's state of completion." *OV Loop, Inc. v. Mastercard Inc.*, No. 23-CV-1773 (CS), 2023 WL 7905690, at *2 (S.D.N.Y. Nov. 16, 2023) (citation omitted). "These three factors are nonexclusive, and ultimately the overarching consideration of the circumstances in their totality governs." *Id.* (citations and quotation marks omitted). "The burden is on the movant to establish that a stay is warranted." *Nike, Inc. v. Lululemon USA Inc.*, No. 22-CV-00082 (RA) (OTW), 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023) (citation omitted).

### B.     Good cause exists to stay discovery

Having reviewed the parties' submissions regarding the motion to stay and the parties' submissions seeking a pre-motion conference, and after holding an in-person pre-motion conference, the Court finds that good cause exists to stay discovery.

First, with respect to the strength of Defendant's anticipated motion, the party "seeking a stay must present substantial arguments for dismissal." *O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS) (GWG), 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018). A court determining whether to grant a stay of discovery pending a motion must look to the "particular circumstances and posture of each case." *Hachette Distribution, Inc. v. Hudson Cnty. News. Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). "Discovery should be stayed [] only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of

5

law that are potentially dispositive [], such as where a challenge is directed to the Court's jurisdiction." *Id.* (collecting cases).

"[W]ithout taking any position on how the Court will ultimately rule," it appears that Defendant's arguments set forth in their anticipated Fed. R. Civ. P. 12(b)(1) motion "are colorable and raise threshold challenges to the Court's subject-matter jurisdiction." *Renois v. WVMF Funding*, LLC, No. 20-CV-9281 (LTS) (DF), 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021) (granting a stay of discovery pending the resolution of Defendants' jurisdictional motion is warranted). The arguments Defendant sets forth appear, at least on their face, to show that the FLSA's prompt payment requirement does not set a specific frequency for payment or specify the number of workweeks each pay period must cover.

Moreover, if Defendant is successful in dismissing Plaintiff's FLSA claims, it is unlikely that the Court would have supplemental jurisdiction over Plaintiff's remaining NYLL claims. Both of these factors therefore weigh in favor of a stay of discovery pending the outcome of the jurisdictional motion. *See, e.g.*, *Boelter v. Hearst Commc'ns, Inc.*, No. 15cv3934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting motion to stay discovery where, inter alia, the defendant's Rule 12(b)(1) motion raised "substantial arguments" concerning the plaintiff's lack of standing and the court's lack of jurisdiction); *United States v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (finding that the defendant "made an adequate showing of good cause to support the issuance of a stay" where the issues raised in its Rule 12(b)(1) motion were "strictly one[s] of law and d[id] not involve issues relating to the 'sufficiency' of the allegations," and, secondly, the motion, if successful, would have been "dispositive of the entire action"). Indeed, the jurisdictional issues here here appear to be "purely questions of law that are potentially dispositive" and particularly appropriate for a stay of discovery. *See Hachette Distribution, Inc.*,

136 F.R.D. at 358.

Additionally, the Court finds that it would be unduly burdensome for Defendant to respond to discovery until the Court resolves the potentially dispositive motion. Indeed, Plaintiff has brought claims on behalf of herself and others similarly situated for the past three to six years. Plaintiff also expressed a desire to move for conditional class certification "as soon as possible." Dkt. No. 17, at 6-7. Should Plaintiff be granted conditional certification of a collective action, Defendant would be required to produce extensive expedited discovery to aid in the notice process—a process that may be mooted entirely should Defendant's motion to dismiss be granted. Permitting class and collective-based discovery would thus serve to create an unnecessary burden should Defendant's motion to dismiss be resolved in its favor. *See Amron v. 3M Minnesota Mining & Mfg. Co.*, No. 23-CV-8959 (PKC) (JMW), 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) ("the breadth of discovery here, as presented by Defendant, favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided.")

Finally, the Court finds that Plaintiff will suffer little prejudice as a result of a stay. As an initial matter, Plaintiff is not moving to toll the statute of limitations under the FLSA. *See* Dkt. No. 16. Defendant's motion will be fully briefed in less than two months (May 20, 2024). Moreover, while there has already been significant motion practice in this case—all of which has been advanced by Plaintiff—this case is still in its early stages. *See Cohen v. Saraya USA, Inc.*, No. 23-CV-8079 (NJC) (JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) (granting a motion to stay discovery and noting that "this case is still in its early stages—a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken."). Therefore, Plaintiff's argument that potential opt-ins may be "serious[ly] prejudice[d]" is unavailing.

### III.  Conclusion

For the reasons set forth above, Defendant's motion for a stay of discovery pending the resolution of Defendant's motion to dismiss is **GRANTED**.

**SO ORDERED.**

Dated:     Brooklyn, New York
           March 26, 2024

                                                  */s/ Joseph A. Marutollo*
                                                  JOSEPH A. MARUTOLLO
                                                  United States Magistrate Judge