**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
MALA SHARMA,

                           Plaintiff,
*on behalf of herself and all others similarly situated*,

               -against-

OPEN DOOR NY HOME CARE SERVICES, INC.,

                           Defendant.
-----------------------------------------------------X

CIVIL ACTION NO. 24CV497
(DG) (JAM)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**LAW OFFICE OF DAVID WIMS**
**David C. Wims, Esq.**
*Attorneys for Plaintiff*
**1430 Pitkin Avenue, 2nd Floor**
**Brooklyn, New York 11233**
**(646) 393-9550**
**Fax (646) 393-9552**
**dwims@wimslaw.com**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT                                                      3

PROCEDURAL POSTURE                                                         3

LEGAL STANDARDS                                                            3

ARGUMENT                                                                   5

    A.  THE FLSA'S PROMPT PAYMENT REQUIREMENT                          5

    B.  PLAINTIFF HAS STATED A CLAIM UNDER NYLL 191 & 193              11

CONCLUSION                                                                13

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

**PRELIMINARY STATEMENT**

The instant action is before this Court on Defendant's motion pursuant to Fed. R. Civ. P. Rule 12(b)(6) and (b)(1), seeking dismissal of Plaintiff's *Complaint* in its entirety. See Docket #19.  Plaintiff submits this *Memorandum of Law* in opposition to Defendant's motion.

Defendant argues in its motion papers that Plaintiff's Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*, late payment claims should be dismissed because "the FLSA does not prohibit employers from paying employees on a regular biweekly basis." Defendant's *Memorandum of Law* in support ("Def. Mem.") at 4.  Defendant invokes, in the alternative, 'failure to state a claim' and 'lack of subject matter jurisdiction'.  Defendant's position is contrary to law, as explained below, and for the reasons that follow, Defendant's motion should be denied in its entirety.

**FACTS**

Plaintiff respectfully refers the Court to the *Complaint* in this matter for a recitation of the relevant facts.

**PROCEDURAL POSTURE**

On January 23, 2024, this action was filed by Plaintiff seeking damages for alleged under and/or late payment of wages under the FLSA and the New York Labor Law ("NYLL") §§ 191, 193 and 198. See *Complaint*, Docket #1.  After a pre-motion conference before the Court, and in response thereto, Defendant brings the instant motion. Docket #19.

**LEGAL STANDARDS**

A.  Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, a complaint should not be dismissed when the factual allegations sufficiently **[*7]** "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Still, a plaintiff "must allege some factual basis from which to make those inferences" of liability, *In re Actos End-Payor Antitrust Litig.*, 848 F.3d 89, 99 (2d Cir. 2017), because "conclusory allegations are not entitled to the assumption of truth," *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (en banc).

A Rule 12(b)(6) motion challenges only the legal feasibility of the complaint, and courts adjudicating such motions "take[] no account of the complaint's 'basis in evidence.'" *Nunes v. NBCUniversal Media, LLC*, 643 F. Supp. 3d 403, 411 (S.D.N.Y. 2022) (quoting *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)). "Generally, courts do not look beyond facts stated on the face of the complaint, documents incorporated in the complaint, matters of which judicial notice may be taken and documents that are 'integral' to the complaint." Id. (quoting *Goel*, 820 F.3d at 559). At the same time, the Rule 12(b)(6) standard instructs the Court to construe the complaint "liberally." *In re Inclusive Access Course Materials Antitrust Litig.*, 544 F. Supp. 3d 420, 431 (S.D.N.Y. 2021) (quoting *Coal. for Competitive Elec. v. Zibelman*, 906 F.3d 41, 48-49 (2d Cir. 2018)).

B. Rule 12(b)(1)

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for lack of subject matter **[*2]** jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory

or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In considering a motion to dismiss under Rule 12(b)(1), a court must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiffs. See *Buday v. N.Y. Yankees P'Ship*, 486 F. App'x 894, 896 (2d Cir. 2012). The party asserting lack of subject matter jurisdiction bears the burden of establishing its standing as the proper party to bring this action. See *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 65 (2d Cir. 2012).

## ARGUMENT

### A. THE FLSA'S PROMPT PAYMENT REQUIREMENT

An employer's failure to pay promptly minimum wage and overtime violates the FLSA because courts "have long interpreted the statute to include a prompt payment requirement." *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 56 (2d Cir. 1998) citing *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir. 1960)); see also Id. at 57 ("[I]t is clear that the FLSA requires wages to be paid in a timely fashion."); *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 353 (S.D.N.Y. 2014) ("While the statutory language of the FLSA **[*12]** does not prescribe any particular payment schedule, courts have consistently interpreted Section 206(a) of the statute to include a prompt payment requirement."). A court must look at the objective circumstances of the allegedly late payment. Thus, as *Rogers* suggests, a court must in part consider whether there was a legitimate business reason for any delay. See, e.g*., Conzo v. City of New York*, 667 F. Supp. 2d 279, 288-89 (S.D.N.Y. 2009) (genuine issues of material fact precluded summary judgment on late payment of overtime wages, **[*10]** where plaintiffs "blame[d] the delay on defendants' 'archaic' payroll system," and defendants countered that "any errors that occur are caused by uncontrollable factors, including the failure of plaintiffs

to correctly record their overtime"); *Sarit v. Westside Tomato, Inc.*, No. 18-CV-11524, 2020 U.S. Dist. LEXIS 67074, 2020 WL 1891983, at *5-6 (S.D.N.Y. Apr. 16, 2020) (plaintiff adequately alleged violation of "prompt payment" requirement, where employer allegedly deferred payments because it "lacked sufficient funds" and sought to "steal the wages from its employees").  Under the statute, late wages are considered a form of unpaid wages. *Rigopoulos v. Kervan,* 140 F.2d 506, 507 (2d Cir. 1943) ("[The FLSA overtime provision] plainly contemplates that overtime compensation shall be paid in the course of employment and not accumulated beyond the regular payday."); *Rogers,* 148 F.3d 52, 58 (2d Cir. 1998)).

As a result, Defendant's payment of Plaintiff and other possible manual workers on a bi-weekly basis, and nine (9) days after the end of the second week in each bi-weekly pay period, violates, or at a minimum implicates, the FLSA's prompt pay requirement. See 29 U.S.C. §§ 206, 218; see also 29 C.F.R. § 531.26 and 29 C.F.R. § 778.106.  The *Rogers* objective consideration here is state law – NYLL § 191(1)(a).  The prompt payment requirement of the FLSA was established in *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).  As to the FLSA prompt payment requirement, the Supreme Court indicated that

> We have previously held that the liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated [****21] damages. *Overnight Motor Co*. v. Missel, 316 U.S. 572. [Liquidated Damages] constitutes a Congressional recognition that failure to pay the statutory minimum *on time* may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in the *event of delay* in order to insure restoration of the worker to that minimum standard of well-being (emphasis added).

324 U.S. at 707.

The Supreme Court in *Brooklyn Savings Bank* noted the need to ensure "on time" payment and to avoid "delay" in payment of wages as the rationale for allowing recovery of liquidated damages where the underlying wages were paid but paid late.

The Second Circuit agrees, even when wages were paid merely one day late. See *Rogers*, 148 F.3d at 58.  Other Circuits agree as well.  In *Biggs v. Wilson*, 1 F.3d 1537, 1538 (9th Cir. 1993), California state employees sued for liquidated damages because they were paid about 15 days late in light of problems with the State budget. The question in *Biggs*, in essence, was whether a violation of the wage law occurred where the wages were paid but paid late.   The Ninth Circuit concluded in relevant part as follows:

> This appeal requires us to decide whether California violated the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, by paying wages 14-15 days late because there was no state budget, and thus no funds appropriated for the payment of salaries, on payday. The district court granted a summary judgment declaring that the failure to issue paychecks promptly when due violated the FLSA. We agree, and hold that under the FLSA wages are "unpaid" unless they are paid on the employees' regular payday. ... The class seeks injunctive and declaratory relief, liquidated damages, and prejudgment interest on account of the delay in receiving wages.

1 F.3d 1538.

In *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014), federal employees sued for liquidated damages because they were paid about 17 days late due to the federal government budgetary problems and shut down.  The Federal Circuit *in Martin v. United States*, 117 Fed. Cl. 611, 618 (2014), concluded as follows:

> When applying the Supreme Court's "on time" mandate, courts have determined almost universally that an FLSA claim accrues, for limitations purposes, when an employer fails to pay workers on their regular paydays, and that a violation of the Act also occurs on that date. See, e.g., *Biggs v. Wilson*, 1 F.3d 1537,1540 (9th Cir.1993) (Biggs II); *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), modified, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Industries*, 140 F.2d 826, 828 (7th Cir.1944).

Here, Defendant paid Plaintiff bi-weekly and nine (9) days after the end of the bi-weekly pay period. *Complaint* ¶¶ 27-30.  That means that Defendant paid Plaintiff's (and others') wages sixteen (16) days after the end of the first week in each bi-weekly pay period. Id.  It can't be said that Defendant's wage payments for either week of each bi-weekly pay period were prompt, especially the first week thereof.

In fact, the Defendant evaded the substantive minimum wage and overtime FLSA requirements for over two (2) weeks, even though the statute applies on a workweek basis. 29 C.F.R. §§ 778.103-4.  That delay was detrimental to Plaintiff's (and the others') maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being and to the free flow of commerce, including but not limited to interfering with Plaintiff s ability to pay for, e.g., rent, utilities, groceries; and to support herself and family.

The FLSA's prompt payment requirement does not mean an employer may pay whenever the employer sees fit.  That would run afoul of the uniform national policy on wages that the statute represents.  In fact, the S.D.N.Y. has held that under the FLSA, "In this Court's view, a delay of more than two weeks between the end of a weekly pay period and the issuance of a paycheck is unreasonable[.]" *Belizaire,* supra, 61 F. Supp. 3d 336, 359.

Defendant further alleges that the FLSA merely requires it to make wage payments on its regularly scheduled payday.  Taking this argument to its logical conclusion, an employer would be free to set its regular payday every six (6) months, for example.  Surely the FLSA prompt payment requirement would not countenance such employer conduct.  Defendant essentially argues that the FLSA gives it license to violate state law, contrary to the FLSA's savings clause. See 29 U.S.C. § 218.  The FLSA does not preempt state or local regulation of wages when the latter provide greater protection to workers. *Overnight Trans. Co., Inc. v. Tianti*, 926 F.2d 220,

222 (2nd Cir. 1991).  Defendant wishes to benefit from violating state law under the guise of compliance with federal law.  That argument is misplaced.

Plaintiff's position is that the FLSA's requirement of payment on the employer's regular payday necessarily means the employer's **lawful**, regular payday.  Here, NYLL § 191(1)(a) requires that to be weekly and within seven (7) days from the end of each week.  This construction is consistent with other FLSA requirements which refer to, relate to, or rely on state or local wage law. See, e.g. 29 U.S.C. § 218(a).  For example, the FLSA requires payment of minimum wage at the federal or state rate, whichever is higher. See *Wicaksono v. XYZ 48 Corp.*, 2011 U.S. Dist. LEXIS 55771, 2011 WL 2022644, at *3 (citing 29 U.S.C. § 218(a); *Jiao v. Shi Ya Chen*, No. 03-cv-0165 (DF), 2007 U.S. Dist. LEXIS 96480, 2007 WL 4944767, at *17 (S.D.N.Y. Mar. 30, 2007) ("The federal minimum wage does not preempt the state minimum wage[,] and a plaintiff may recover under whatever statute provides the highest measure of damages[.]")).  Further, the FLSA requires that the 'regular rate' for overtime purposes be based on any higher wage rate set by other applicable legislation. 29 U.S.C. § 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum, for the words "regular rate at which he is employed" as used in section 7 must be construed to mean the regular rate at which he is *lawfully* employed.") (emphasis added).

Although Plaintiff alleges that *Rogers*, supra, is controlling in the case at bar, the employer in that case was a public agency and therefore not subject to the Labor Law, unlike in the case at bar. Labor Law § 190(3).  That is the only meaningful distinction between *Rogers* and the case at bar.

It is of no moment that Defendant claims Plaintiff contractually agreed to Defendant's wage payment schedule, as parties cannot contract for an illegal subject. *U.S. v. Bonanno Organized Crime Family of La Cosa Nostra*, 879 F.2d 20, 28 (2d Cir. 1989). Further, the NYLL specifically states: "No employee shall be required as a condition of employment to accept wages at periods other than as provided in this section." Labor Law § 191(2).

Finally, adopting Plaintiff's position on this issue would not run counter to the Act's goal of establishing a uniform national standard. The FLSA's national standard is accomplished by the fact that the FLSA "…merely sets the floor for wages owed and the ceiling for hours that can be worked." *DeSilva v. Long Island Jewish Health*, 770 F. Supp. 2d 497 (E.D.N.Y. 2011). As a result, Plaintiff's position regarding the FLSA's prompt payment requirement is consistent with controlling authorities and should be adopted by this Court, resulting in denial of Defendant's Rule 12 motion.

The issue on this motion is not whether Defendant's bi-weekly wage payments violated the FLSA's prompt pay requirement, as that is a merits-based determination. It is merely whether Plaintiff's allegations, taken as true and having the benefit of all favorable inferences, has stated a potential claim arising under the FLSA, thereby giving this Court federal question subject matter jurisdiction. Here, it is beyond dispute that Plaintiff's federal claim arises under the FLSA, supporting federal question jurisdiction.

The FLSA is a uniquely protective statute. The FLSA's primary remedial purpose is: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees. *Brooklyn Sav. Bank*, 324 U.S. at 706-07. As the cases described above illustrate, the need for such employee protections remains. Therefore, because the FLSA does have a prompt payment requirement, the Court should deny the FLSA portion of

Defendant's motion, given that Plaintiff's allegations state an FLSA claim and provide this Court with subject matter jurisdiction.

Since Plaintiff's claims allege FLSA violations, they arise under federal law. Put simply, alleging non-prompt payment of minimum wage and overtime states a claim under the FLSA. The Court additionally has 28 U.S.C. § 1367 supplemental jurisdiction over Plaintiff's state law claims as they arise from 'a common nucleus of operative fact'.

### B. PLAINTIFF HAS STATED A CLAIM UNDER LABOR LAW §§ 191 & 193

Defendant separately argues that no private right of action exists under NYLL § 191(1)(a), pursuant to the Appellate Division, Second Department's decision in *Grant v. Global Aircraft Dispatch, Inc*., 204 N.Y.S.3d 117 (2d Dep't Jan. 17, 2024). The First Department disagrees. See *Vega v. CM & Associates Construction Management, LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019). Almost every federal court to decide the issue since *Grant* agrees as well. See *Bazinett v. Pregis LLC*, 2024 U.S. Dist. LEXIS 44869 (N.D.N.Y. 2024) ("based on the reasoning set forth by the vast majority of Courts to continue to follow *Vega*, even in light of *Konkur*, and the dissent in *Grant*, the Court concludes that the *Grant* majority and the few district court cases questioning *Vega* are not persuasive enough evidence to reject the present coalition of cases upholding *Vega*. The Court predicts that based on the current legal landscape, the New York Court of Appeals would accept *Vega*.").

However, *Grant* only involved NYLL § 191, not § 193; and the only issue alleged and pleaded there was bi-weekly pay, unlike here, where Plaintiff's allegations cover both bi-weekly pay *and* payment after the statutory deadline. Further, *Grant* ruled only that no private right of action exists under NYLL § 191, not that the statute was void. Defendant does not dispute its bi-weekly payment of wages to a NYLL 'manual worker' here. NYLL § 191 was applicable to

Defendant's wage payments to Plaintiff, and Plaintiff's *Complaint* pleaded both NYLL §§ 191 and 193 claims, see *Complaint* ¶¶ 4, 62-73, consistent with both a ruling by the Court of Appeals and the Wage Theft Loophole Prevention Act. See *Ryan v Kellogg Partners Inst. Servs.*, 19 N.Y. 3d 1, 16 (2012).

In *Ryan*, the Court of Appeals ruled that "Since Ryan's bonus therefore constitutes "wages" within the meaning of Labor Law § 190 (1), Kellogg's neglect to pay him the bonus violated Labor Law § 193 (*see Pachter v Bernard Hodes Group, Inc.*, 10 NY3d 609, 617, 891 NE2d 279, 861 NYS2d 246 [2008])." 19 N.Y. 3d at 3. Further, the Wage Theft Loophole Prevention Act specifically states that Labor Law § 193 covers failure to pay wages, and always has, indicating that it did not change the law under Article 6 of the Labor Law, and that it should be given retroactive effect. See Labor Law § 193(5); see also Legislative findings § 1 ("Article 6 of the labor law, and sections 193 and 198(3) in particular, reflects New York's longstanding policy against the forfeiture of earned but undistributed wages. The purpose of this remedial amendment is to clarify that: (a) the unauthorized failure to pay wages, benefits and wage supplements has always been encompassed by the prohibitions of section 193, see, e.g., *Ryan v Kellogg Partners Inst. Servs.*, 19 N.Y. 3d 1, 16 (2012) (correctly holding that employer's neglect to pay sum that constitutes a "wage" violated section 193); and (b) consistent with established principles of statutory construction, section 193 should be harmonized with section 198(3)'s guarantee that "All employees shall have the right to recover full wages, benefits and wage supplements and liquidated damages." A wage is either owed or it is not. Employers have a statutory duty to provide employees with enough information to know how their employment compensation is calculated. The legislature thus finds that it has a responsibility to harmonize these two sections of the labor law to clarify for the courts once and for all that wage theft

remains completely and without exception in violation of statute and all employees are entitled to full wages, benefits and wage supplements earned.").

Defendant's failure to pay wages weekly, and within seven (7) days after the end of each week, violates Labor Law §§ 191(1)(a).  To the extent that Defendant paid said wages a week late, it deducted from the wages due within seven (7) days from the end of each week, thereby violating Labor Law § 193(1).  In other words, it violated both sections, including § 191 in two (2) different ways.  As a result of the above, that portion of Defendant's motion arising under the NYLL is without merit and should be denied in its entirety.

## CONCLUSION

For the above reasons, Defendant has not met its burden on its application.  It has not shown that Plaintiff's allegations do not fit into any cognizable legal theory, nor that this Court lacks subject matter jurisdiction.  Taken as true, Plaintiff's allegations state a claim for violation of the FLSA's prompt payment requirement and state analog statute.

The controlling case law supports Plaintiff's position.  As a result, Defendant's motion should be denied in its entirety, especially in light of the broad, remedial purposes of the FLSA.  Plaintiff asks this Court to rule accordingly.


Dated:  Brooklyn, New York

May 13, 2024

_____/s/_____
LAW OFFICE OF DAVID WIMS
BY: David C. Wims, Esq. (DW-6964)
*Attorneys for Plaintiff*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550
