

**Law Office of David Wims**

1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
Phone: (646) 393-9550
Fax: (646) 393-9552
email: dwims@wimslaw.com
http://www.wimslaw.com

October 11, 2024

**BY EMAIL**

U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11212
Attn: Honorable Magistrate Judge Joseph A. Marutollo

<u>Re:</u>   <u>*Sharma v. Open Door NY Home Care Services, Inc.* (24CV497) (JAM)</u>

Dear Judge Marutollo,

Please be advised that this office represents the Plaintiff in this matter. I write jointly with Defendant's counsel to request that the Court approve the parties' settlement agreement and release reached in this Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*; and New York Labor Law ("NYLL") §§ 650 *et seq,* action, pursuant to *Cheeks v. Freeport Pancake House Inc. et al,* 796 F.3d 199 (2d Cir. 2015).

On January 23, 2024, Plaintiff's counsel filed the *Complaint* alleging that Defendant failed to pay Plaintiff minimum and overtime wages promptly, when due and with the required frequency under the FLSA and NYLL. See Docket #1. On February 20, 2024, Defendant served and filed a letter request for a pre-motion conference in relation to its contemplated motion to dismiss the *Complaint* in its entirety. See Docket #10. On March 11, 2024, the Court held a pre-motion conference at which it granted Defendant leave to serve and file its motion. See 03/11/2024 Minute Entry.

PRIVILEGED & CONFIDENTIAL – For Settlement Purposes Only

Law Office of David Wims                                                                  10/11/2024

On May 24, 2024, Defendant served and filed all papers in its fully briefed motion. See Docket ##21-23.

The parties appeared for a Court-ordered settlement conference with the Court on September 13, 2024. See Docket #26.  At the settlement conference, the parties reached a full and final settlement in principle, including the execution of a terms sheet.  Following the settlement conference, the parties consented to the Magistrate's jurisdiction for all purposes and the parties memorialized the terms sheet in a Settlement and Release Agreement. The proposed, fully-executed Settlement and Release Agreement is attached herewith as Exhibit 1.

The parties' Settlement and Release Agreement requires Defendant to pay to Plaintiff a total of $35,000.00, as follows:

1. $24,000.00 to Plaintiff as 1099 non-wage, liquidated damages; and
2. $11,000.00 to David C. Wims, Esq. as attorneys' fees and costs.

An FLSA settlement should receive judicial approval where it is "fair and reasonable." See *Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

Law Office of David Wims                                                                                                   10/11/2024

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky, supra* at 335.

In the *Complaint*, Plaintiff alleged that she was not paid minimum and overtime wages timely in violation of the FLSA and NYLL.[1] Defendant vehemently denies that it violated the FLSA or the NYLL. As such, there are *bona fide* disputes about whether Plaintiff adequately plead a "prompt pay" claim under the FLSA, whether a private right of action exists for violations of NYLL § 191, and whether Plaintiff was a manual worker under NYLL § 191. Specifically, Defendant denies that it paid Plaintiff's wages in violation of these statutes, and the case law is unclear as to what must be plead by a plaintiff to plausibly allege a "prompt pay" claim under the FLSA. In addition,

---

[1] It is also important to note that settlement of claims pursuant to the New York Labor Law do not require judicial approval. See, e.g., *Wright v. Brae Burn Country Club, Inc.*, 2009 U.S. Dist. LEXIS 26982, 2009 WL 725012, at *4 * (S.D.N.Y. Mar. 20, 2009)("there is no express restriction on the private settlement of waiver of wage and hour claims under New York law.").

as stated above, it is unclear from the New York Appellate Division caselaw whether a private right of action exists under NYLL § 191.

Considering the significant factual and legal disputes, the parties believe that the allocated $35,000.00 settlement amount is a fair compromise to resolve Plaintiff's claims without further litigation, and without subjecting both parties to the time and expense of more extensive discovery and ongoing litigation, and the attendant risks thereof. Plaintiff's maximum recovery of FLSA liquidated damages in the two years preceding this action is approximately $25,000.00. While both sides are confident that they would prevail, there are *bona fide* disputes as to these issues.

The Settlement and Release Agreement reflects a reasonable compromise of the disputed issues and any actual or potential claims. In addition, the parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation, especially given that were the Court to dismiss this matter for lack of federal question jurisdiction, Plaintiff would start again in state court. If the NY Court of Appeals were to resolve the NYLL § 191 private right of action question against Plaintiff, she would obtain no recovery. Lastly, each party is represented by counsel experienced in wage and hour practice.

As stated above, the proposed settlement represents a fair value of Plaintiff's claims, including liquidated damages and statutory damages, where Defendant denies all violations. See *Rodriguez-Hernandez v. K Bread & Co.*, No. 15- cv-6848 (KBF), 2017 U.S. Dist. LEXIS 78034, at *10 (S.D.N.Y. May 23, 2017) (approving a settlement of 26% of potential damages given "bona fide disputes" between the parties and litigation risks). The settlement amount, when accounting for the longer statute of limitations period under the NYLL, is greater than Plaintiff's possible

recovery under the FLSA alone. The settlement will also enable the parties to avoid the burdens of engaging in motion practice, discovery and testifying, as well as the hardship of waiting for the payment of any recovery, possibly years from now. Plaintiff believes that, on balance, the recovery she will obtain now is preferable to waiting for the conclusion of anticipated lengthy litigation.

Part of the purpose of settlement is to avoid a trial on the merits because of the uncertainty of the potential outcome. *Morris v. Affinity Health Plan*, 859 F.Supp.2d 611, 620 (S.D.N.Y. 2012). In weighing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the [Plaintiffs] . . . against the relief offered by the Settlement." *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *8 (S.D.N.Y. Apr. 16, 2012). A "presumption of fairness, adequacy and reasonableness may attach to a . . . settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotations omitted).

The parties' counsel participated in arm's length negotiations in order to arrive at this settlement, taking into account the various claims and defenses, with reference to the subject payroll records. In addition, the Court assisted counsel in reaching the agreement. As such, the settlement involves a clear and *bona fide* wage dispute in contested litigation, which was resolved through an arm's-length settlement process.

This settlement was reached after extensive motion practice and intensive negotiations between experienced counsel who duly counseled their respective clients on the benefits and risks of continued litigation. "Absent fraud or collusion, [courts] should be hesitant to substitute [their]

Law Office of David Wims                                                                                          10/11/2024

judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 05 CIV 10240, 2007 WL 2230177, at *4 (S.D.N.Y July 27, 2007). There was no fraud or collusion in the present matter and the Court should approve the settlement it helped the parties reach.

In addition, Counsel is entitled to reasonable attorneys' fees to compensate for work in recovering damages under the FLSA and NYLL. Plaintiff agreed to a 33% contingency fee.  Plaintiff's counsel seeks a 31.4% fee in the amount of $11,000.00, inclusive of costs.  In the Second Circuit, a 33% contingency fee in an FLSA and NYLL case is considered reasonable. See *Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014)*.  Plaintiff's counsel's fee application is submitted contemporaneously herewith.

Finally, the Settlement Agreement does not contain any provisions such as confidentiality, general release, or non-disparagement, that courts in this District have found objectionable. See, e.g., *Fernandez v. N.Y. Health Care, Inc.*, 2020 U.S. Dist. LEXIS 69408 at *4-7 (S.D.N.Y. 2020). For these reasons, the parties ask the Court to approve the FLSA settlement agreement.

Thank You for Your time and attention.

Respectfully yours,

/s/

David C. Wims, Esq. (DW-6964)


Cc: Matthew Capobianco, Esq. (By ECF)
Joseph Gusmano, Esq. (By ECF)